UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANICE FRANKLIN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:14-1807 |
| ] | Judge Sharp |
| TENNESSEE DEPARTMENT OF ] | |
| CORRECTION, et al. ] | |
|     Defendants. ] | |

**O R D E R**

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983, an application to proceed in forma pauperis (Docket Entry No. 2), and a motion for the appointment of counsel (Docket Entry No. 3).

The plaintiff is an inmate at the Tennessee Prison for Women in Nashville. It appears from her application that she lacks sufficient financial resources from which to pay the fee required to file the complaint. Therefore, the plaintiff's application to proceed in forma pauperis is hereby GRANTED. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

The plaintiff is hereby ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where she now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust

account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against the Tennessee Department of Correction; it's Commissioner, Derrick Schofield; the Mark Luttrell Correctional Center (MLCC); Corizon, presumably the health care provider for inmates at MLCC; Cynthia Pratt, a Corizon Administrator; Sharon Taylor, Warden at MLCC; at least five members of the MLCC staff; the Regional Medical Center of Memphis; Nashville General Hospital; the Tennessee Prison for Women; and Dr. Leslie Collins, a physician at the Tennessee Prison for Women; "because of inadequate and ineffective medical treatment as well as an indifference to individual care at the Mark Luttrell Correctional Center". Docket Entry No. 1 at pg. 9.

Plaintiff's claims against the Tennessee Prison for Women can not proceed because this defendant is a penal facility that is not a person that can be sued under § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991). In addition, the sovereign immunity provided by the Eleventh Amendment precludes a § 1983 action against the Tennessee Department of Correction. *See* Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). Consequently, the claims against these defendants are DISMISSED.

The only mention of Nashville General Hospital in plaintiff's Statement of Facts is that this facility "would not treat me due to the extensive surgeries I had and transferred me back to Med Trauma Center at Memphis". Docket Entry No. 1 at pg. 10. There are no factual allegations provided in support of this claim of non-treatment. Nor does the plaintiff's Statement of Facts mention Commissioner Schofield or Dr. Leslie Collins. The claims against these defendants, therefore, are conclusory in nature and, as such, are not actionable. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). For that reason, the claims against these three defendants are DISMISSED as well.

Venue for a civil rights action is governed by 28 U.S.C. § 1391(b). That provision requires that an action, such as the instant case, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The remaining defendants in this action either reside or can be found in the Western District of Tennessee. The plaintiff's claims against these defendants arose at the Mark Luttrell Correctional Center in Memphis, which lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(2). As a consequence, venue for the remaining claims more properly belongs in that judicial district.

Accordingly, the Clerk is directed to TRANSFER this case to the United States District Court for the Western District of Tennessee, Western Division at Memphis, Tennessee. 28 U.S.C. § 1406(a). In light of the transfer of this action, plaintiff's motion for the appointment of counsel is DENIED, subject to renewal in the receiving court.

The Clerk is further instructed to send a copy of this order to the Warden of the Tennessee Prison for Women to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Kevin H. Sharp
United States District Judge